UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO:

**KRISTEN REDDIN,**

    **Plaintiff,**

vs.

**NORDSTROM, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, KRISTEN REDDIN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NORDSTROM, INC., (hereinafter "Defendant") and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees or costs for discriminatory treatment based on Plaintiff's sex, a hostile work environment, and retaliation under the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. ("FCRA") and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

1

5. Venue is proper in the Southern District of Florida, because all of the actions that form the basis of this Complaint occurred within the Jurisdiction of this District Court.

6. Defendant was a "person" and/or "employer" pursuant to Title VII and the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. On January 19, 2024 the EEOC issued a "Notice of Right to Sue" notice to Plaintiff and suit was instituted timely.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendant as a Sales Representative from on or about November 20, 2007 until on or about January 07, 2023.

14. During the Summer of 2022, Plaintiff was one of the top sales associates in her location and was exceeding her sales quota.

15. As a result, one of Plaintiff's male coworkers, Richard Flambert ("Richard"), became upset and jealous that Plaintiff's sales numbers were higher than his.

16. Because Richard was upset about being out-performed by a woman, Richard began verbally and physically harassing Plaintiff in the workplace.

17. There were occasions when Richard would verbally berate Plaintiff in front of customers and coworkers, yelling at her, sometimes across the store; accusing Plaintiff of stealing his or other people's customers; and saying things like, "this is the last time this is going to happen," regarding Plaintiff's high sales performance.

18. Richard would bully Plaintiff, put her down, and tried to make it seem like Plaintiff was not deserving of her success because she is a woman and the only way Plaintiff could have had her success was through underhanded methods.

19. Plaintiff felt afraid and threatened whenever she came to work, and especially when Plaintiff was around Richard, to the point where Plaintiff would feel uneasy just walking inside. Around December 2022, another incident occurred involving Richard while Plaintiff was helping a customer find a pair of jeans to try on.

20. While the client was changing in the changing room, Plaintiff was pushed to the ground by Richard, almost as if he was tackling her.

21. Because of the fall, Plaintiff was injured and her arm was particularly affected.

22. There was no HR set up in the store, so Plaintiff reported the harassment and abuse she was experiencing to Andrew Lesosky, Plaintiff's manager at the time.

23. Nothing much came to be from Plaintiff reporting these and other incidents of harassment and her complaints and concerns for her wellbeing were not meaningfully addressed.

24. Fearing continued harassment and abuse from Richard, Plaintiff contacted the Nordstrom headquarters and got in contact with their centralized HR.

25. Plaintiff opened a violence in the workplace incident report.

26. Plaintiff was also advised by HR to file a police report with the local police department.

27. The assault occurred in a place in the store where there were no cameras and, as there was no witness present when Richard pushed Plaintiff, nothing came from the police report.

28. Richard was written-up, however Plaintiff still felt unsafe as Plaintiff was afraid of further retaliation, as Richard was still working in the store and she had to come in contact with him during work.

29. Plaintiff lived in fear, developing great feelings of anxiety.

30. After this incident, Richard began to bully Plaintiff in more subtle and intimidating ways.

31. He would stare Plaintiff down in a threatening manner, try to steal her clients, make harassing comments in passing, and overall made Plaintiff feel very uncomfortable.

32. Plaintiff couldn't tolerate the treatment she was being subjected to at work and her managers were not meaningfully responding to Plaintiff's concerns after several complaints regarding Richard's misbehavior.

33. Because the company was not addressing the hostile and abusive work environment at work, Plaintiff felt she had no reasonable choice but to remove herself from the situation by separating from her employment.

34. Plaintiff was constructively terminated on or about January 7, 2023, due to Nordstroms and Plaintiff's managers failing to reasonably respond to her complaints and reports of constant harassment and abuse in the workplace.

35. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

36. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

37. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Hostile Work Environment in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in 1-37 of this Complaint as if set out in full herein.

39. Defendant is an employer as that term is used under the applicable statutes referenced above.

40. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

41. Plaintiff, as a female individual, is within a protected class as envisioned by the FCRA.

42. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female individual.

43. Defendant is liable for this conduct, either vicariously or directly, because Defendant had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

44. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

45. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I. Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Retaliation in Violation of the FCRA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 above as if set out in full herein.

47. Defendant is an employer as that term is used under the applicable statutes referenced above.

48. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

49. The foregoing unlawful acts by Defendant were purposeful.

50. Plaintiff engaged in a statutorily protected activity by complaining of the assault and harassment during her employment with Defendant and she was the victim of retaliation, thereafter, as related in part above.

51. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

52. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

53. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

### COUNT III
### *Sex Discrimination in Violation of the FCRA*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

55. Plaintiff is a member of a protected class under the FCRA.

56. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

57. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been

the object of discrimination but for the fact that Plaintiff is a female.

58. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

59. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

60. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*Hostile Work Environment in Violation of Title VII of Civil Right Act Of 1964*

65. Plaintiff re-adopts each and every factual allegation as stated in 1-37 of this Complaint as if set out in full herein.

66. Defendant is an employer as that term is used under the applicable statutes referenced above.

67. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff under Title VII of the Civil Rights Act of 1964.

68. Plaintiff as female is within a protected class as envisioned by Title VII of Civil Right Act of 1964.

69. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female individual.

70. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was constructively terminated.

71. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

72. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

73. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated Title VII of Civil Right Act of 1964 by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *Retaliation in Violation of Title VII of The Civil Rights Act Of 1964*

74. Plaintiff re-adopts each and every factual allegation as stated in 1-37 of this Complaint as if set out in full herein.

75. Defendant is an employer as that term is used under the applicable statutes referenced above.

76. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes.

77. The foregoing unlawful actions by Defendant were purposeful.

78. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

79. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

80. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

81. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff prays that this Court will;

   A. Declare that the acts complained of herein are in violation of the Title VII of the Civil Rights Act of 1964;

   B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

   C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or gender and/or pregnancy;

   D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees.

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

### COUNT VI
*Sex Discrimination in Violation of Title VII of The Civil Rights Act Of 1964*

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

83. Plaintiff is a member of a protected class under the Title VII of the Civil Rights Act of 1964.

84. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

85. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

86. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

87. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

90. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

91. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

92. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>April 18, 2024</u>                                       Respectfully submitted,

/s/: Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon, Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone